The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. Plaintiff's average weekly wage was $417.90, which yields a compensation rate of $278.61.
4. Plaintiff suffered an injury by accident on June 12, 1992, resulting in an injury to his right wrist and chest.
5. The defendant-employer admitted liability as to the injury to plaintiff's right wrist and chest and entered into a Form 21 agreement which was approved by the Commission on September 3, 1992.
6. The issues to be determined by the Commission are (1) whether plaintiff's subsequent back pain was related to the injury by accident of June 12, 1992, and (2) whether plaintiff's subsequent medical expenses in 1993 were related to the original injury by accident.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. After plaintiff's fall from a height of ten (10) to twelve (12) feet on June 12, 1992, he received medical treatment for an injury to his wrist and chest area.
2. Plaintiff was out of work for seven (7) weeks and received compensation pursuant to the Workers' Compensation Act.
3. Before the fall, plaintiff had had no prior back problems. However, the medical records indicate that plaintiff has some degenerative changes taking place in his back.
4. After plaintiff's fall on June 12, 1992, he developed pain in his back and on July 18, 1992, he first sought medical treatment for that pain.
5. Plaintiff was referred to Dr. David R. Mauerhan who saw him for the first time on July 27, 1992. Plaintiff gave a history of falling on June 12, 1992 from a height of approximately twelve (12) feet. Plaintiff further described the discomfort he had been having in his rib cage area and also some burning and minimal lower back pain with activities. Plaintiff described no radicular or leg pain.
6. Plaintiff saw Dr. Mauerhan again on September 14, 1992 where plaintiff indicated that he was still having some lower back pain. It was worse when plaintiff was working or lifting. Dr. Mauerhan saw plaintiff again on November 16, 1992, where plaintiff indicated that he continued to have an occasional ache in the mid-lower back with no radiation of the pain. Plaintiff further indicated that it was worse with activities such as raking leaves or anything that he did for long periods of time. Dr. Mauerhan could not find any clinically significant findings and he thought that plaintiff's injury was slowly but steadily resolving.
7. On February 1, 1993, Dr. Mauerhan saw plaintiff where plaintiff indicated that he had low back burning and that he had been helping his father lift at least 100 pounds of firewood and logs. While lifting, plaintiff began getting a burning pain in the mid-lower back along with pain radiating into the buttocks but not his legs. Dr. Mauerhan diagnosed plaintiff as probably exacerbated a previous injury.
8. Due to the dispute that developed regarding the causal connection between plaintiff's original injury and the lifting of the firewood, the deposition of Dr. Mauerhan was taken on April 11, 1994. In that deposition, Dr. Mauerhan cleared up the issue in this case. On page thirty-four (34) of the deposition, Dr. Mauerhan stated as follows: "My opinion and as I stated to Ms. Turner, I said my feeling was that his original injury that I first saw him for on July 27, 1992, was indeed a lumbar strain. The following episodes are related to the chronic degenerative disc disease which very likely could have been initiated by the first event on June 12, 1992. Okay. So what that means is the guy has a fall, he's got some degenerative changes in his back, no problems. He gets into a lumbar strain, it doesn't resolve, the next thing you know he's having chronic back pain and trouble. He goes and he lifts firewood and all this other stuff, and, boom, something new hits him. It's a continuum. And that's the — that's the thing about these things. They're on a continuum. They can come and go and wax and wane. I mean — Then I stated that he had the subsequent workup by Dr. Kirchmayer and Dr. Brigham and then I really didn't comment on what they said and I'll leave that and not comment."
9. Plaintiff's lifting of the firewood aggravated a pre-existing injury that had never resolved. Plaintiff did not suffer a new injury while lifting the firewood.
10. Dr. Mauerhan further speculated that plaintiff's condition that he now suffers may have occurred even in the absence of the June 12, 1992, injury. The undersigned accepts this statement as mere speculation.
11. There is insufficient evidence in the record to determine if plaintiff lost any additional time from work as a result of the injury by accident.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff suffered an injury by accident on June 12, 1992 resulting in an injury to his right wrist, chest, and back, for which there are compensable consequences. N.C. Gen. Stat.97-2(6).
2. Plaintiff is entitled to have defendants pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for same have been submitted to and approved by the Industrial Commission. N.C. Gen. Stat. 97-25.
3. Since there is no evidence that plaintiff suffered any additional lost time from work, he is not entitled to additional periods of temporary total disability benefits. N.C. Gen. Stat.97-29.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for same have been submitted to and approved by the Industrial Commission.
2. Defendants shall pay the costs.
 S/ ____________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/mj 5/25/95